**HOLLYWOOD TELEVISION SERVICE, INC. et, Plaintiffs-Appellees, v. PICTURE WAVES, INC. et, Defendants-Appellants.**

No. 5052. Decided November 12, 1954.

C. C. Crabbe, Garek & Sillman, Maugan & Vacca, Columbus, for plaintiffs-appellees.

Stephen Mack, Toledo, Dale D. Rapp, W. B. McLeskey and C. W. McLeskey, Columbus, for defendant, Picture Waves, Inc.

**OPINION**

By THE COURT.

This is an appeal from an order of the Common Pleas Court refusing to vacate and set aside its order of November 30, 1953, making Edward Lamb a party defendant, ordering him to deliver to the receiver certain assets and restraining him from disposing of said assets. Appellant assigns the action in each and all of the foregoing particulars as error. The mover appeared solely for the purpose of the motion disclaiming any intention to enter his general appearance.

It will not be necessary to restate the proceedings leading up to the order which is in question because they are discussed at considerable length in case No. 5051.

Counsel have briefed the questions presented at length and no objection is made to the record as appearing in this case, No. 5052. However, upon examination we find the transcript in this case entirely void of the motion, entry thereon and notice of appeal. We do not raise the question of the insufficiency of the transcript, as counsel do not, but suggest that counsel for appellant should put the record in order.

We do not propose to labor at length the decisive questions on this appeal. We have heretofore held that the cause was appealable and properly perfected.

We cannot find that anything was said or done by counsel for appellant in the proceedings incident to the adjudication of the motion to vacate which would subject him to the general jurisdiction of the court.

Appellee contends that the language of §1701.93 (K) R. C. made it discretionary with the court if notice should be given to Lamb, individually, before making the order to which the exceptions are taken. Appellant insists that the language of the section refers only to the authorization for the service of any notice by mail, if so ordered. The section reads:

"(K) The notice to be given of any hearing or any order, which notice, if so ordered, may be given by mail."

The only specific mention of notice is that which appears in the first paragraph of the section which is the notice required to be given to directors and such other persons interested, as the court deems proper, of the petition, its prayer and purpose. It is highly improbable that any receivership named by reason of the filing of the petition of creditors would be worked out and concluded without consideration of some matter concerning which parties interested would be required to be given notice. The authority and obligation of the court to give notice where it would be required is implied by the provisions of the statute. It is our conclusion that paragraph (K) does not undertake to define the time when, or conditions under which, a notice shall be ordered by the court, and only refers to the manner of service of such notice. The construction of the sentence is not too orderly, but we read it to mean that if a notice of a hearing is ordered, such notice may be given by mail. If any other construction was required by the language of the section it would make the provision unconstitutional in this case because it would be a denial of due process of law, namely, notice before hearing or adjudication.

Paragraph (C), among other things, authorizes the court to make new parties to such actions or proceedings as the court may deem proper for the determination of all matters.

It certainly is contemplated that if new actions are authorized and new parties are named that they will be given such notice as is required by law.

It should be noted that Edward Lamb, individually, was made a party defendant upon application of one of appellees. Such action indicates an appreciation of the necessity that he be made a party.

The notice of the hearing on the petition for the appointment of a receiver only purports to bring before the court the defendant corporation and its directors. Lamb, as an individual, was not a party, was not notified, did not appear personally nor by counsel. Upon the evidence developed, the court might conclude that Lamb, as agent, held assets of the corporation, but this could not be binding upon Lamb, as agent or individually. When, and if, in either capacity he is properly before the court he might have a version entirely different from that developed in the record in this case.

It is basic that in the situation presented here the appellant was entitled to notice at least before the court made the order directing him to deliver the assets, named to the receiver. We have so held, in substance, in **Madigan v. Dollar Building and Loan Company, 49 Oh Ap 69, 74**, upon the authority of **C. C. C. & I. Ry. Co. v. Jewett, 37 Oh St 649**. We hold against the appellant on the first and the third grounds of his motion, the second is well made and to that extent should have been sustained.

The order appealed from will be modified to conform to this opinion.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.